### PAPER SYSTEMS INCORPORATED, Plaintiff,

v.

MITSUBISHI CORPORATION; Mitsubishi International Corporation; Mitsubishi Paper Mills Ltd.; Elof Hansson Paper & Board, Inc.; Kanzaki Specialty Papers; New Oji Paper Co., Ltd.; and Nippon Paper Industries, Co., Ltd., Defendants.

### GRAPHIC CONTROLS CORP., Plaintiff,

v.

MITSUBISHI CORPORATION; Mitsubishi International Corporation; Mitsubishi Paper Mills Ltd.; Appleton Papers, Inc.; Elof Hansson Paper & Board, Inc.; Kanzaki Specialty Papers, Inc.; Oji Paper Co., Ltd.; and Nippon Paper Industries, Co., Ltd., Defendants.

### VICTOR PAPER ROLL PRODUCTS, INC., Plaintiff,

v.

MITSUBISHI CORPORATION; Mitsubishi International Corporation; Mitsubishi Paper Mills Ltd.; Appleton Papers, Inc.; Elof Hansson Paper & Board, Inc.; Kanzaki Specialty Papers, Inc.; Oji Paper Co., Ltd.; and Nippon Paper Industries, Co., Ltd., Defendants.

Civ. A. Nos. 96–C–959, 97–C–412, 97–C–508.

United States District Court, E.D. Wisconsin.

Dec. 16, 1997.

Beth J. Kushner, Robert L. Gegios, von Briesen, Purtell & Roper, S.C., Milwaukee, WI, Michael D. Hausfeld, Daniel A. Small, Lead Counsel, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC, Howard J. Sedran, Levin Fishbein Sedran & Berman, Philadelphia, PA, Arthur N. Bailey, Arthur N. Bailey & Assoc., Jamestown, NY, for Paper Systems Inc., Graphic Controls Corp.

Thomas M. Pyper, Ritchie Sturgeon, Whyte Hirschboeck Dudek, S.C., Madison, WI, Laurence T. Sorkin, Marshall Cox, Cahill Gordon & Reindel, New York City, for Mitsubishi Corp. and Mitsubishi International Corp.

Robert H. Friebert, Friebert, Finerty & St. John, Milwaukee, WI, Donald Harris, Lead Counsel, Jenner & Block, Chicago, IL, for Mitsubishi Paper Mills Ltd.

Frank W. Doster, Arnstein & Lehr, Milwaukee, WI, Stanley M. Lipnick, David B.

---

Goodman, George P. Apostolides, Arnstein & Lehr, Chicago, IL, for Elof Hansson Paper & Board, Inc.

Howard Pollack, Lead Counsel, Godfrey & Kahn, S.C., Milwaukee, WI, Richard E. Donovan, Mark S. Gregory, Kelley Drye & Warren L.L.P., New York City, for Kanzaki Speciality Papers, Inc. and New Oil Paper Co., Ltd.

David J. Cannon, Lead Counsel, Michael Best & Friedrich, Milwaukee, WI, Richard G. Parker, O'Melveny & Myers, L.L.P., Washington, DC, for Nippon Paper, Nippon Paper Industries, Co., Ltd.

Robert H. Friebert, Friebert, Finerty & St. John, Milwaukee, WI, for Mitsubishi Paper Mills Ltd.

Kathryn A. Keppel, Tom Brown, Gimbel, Reilly, Guerin & Brown, Milwaukee, WI, for Appleton Papers.

Robert B. Corris, Milwaukee, WI, Jay S. Cohen, John P. McCarthy, Lower Gwynedd, PA, Thomas S. McNamara, Indik & McNamara, Philadelphia, PA, Philip A. Steinberg, Bala Cynwyd, PA, for Victor Paper Roll Products, Inc.

## DECISION AND ORDER DENYING MOTION FOR CLASS ACTION

REYNOLDS, District Judge.

Plaintiffs Paper Systems Incorporated ("Paper Systems"), Graphic Controls Corp., and Victor Paper Roll Products, Inc. (collectively referred to as "Plaintiffs"), allege that defendants conspired to fix the price of jumbo roll thermal facsimile paper in violation of the Sherman Act, 15 U.S.C. § 1. Before the court is Plaintiffs' motion for class certification pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. Defendants[1] oppose the motion on two grounds: (1) Plaintiffs do not meet the numerosity requirement of Rule 23(a)(1), and (2) Plaintiffs' proposed class definition is improper. On November 25, 1997, the court heard oral argument on the motion. For the following

reasons, the court denies the motion for class certification.

Plaintiffs seek certification of the following class:

All individuals and entities who, during the period February 1, 1990 through March 31, 1992, purchased jumbo roll thermal facsimile paper in the United States directly from a defendant, Japan Pulp & Paper (U.S.A.) Corporation or Mitsui & Co. (U.S.A.) Inc., but excluding from the class defendants, Honshu Paper Co., Ltd., Japan Pulp & Paper Co., Ltd., Mitsui & Co., Ltd., Japan Pulp & Paper (U.S.A.) Corporation, Mitsui & Co. (U.S.A.) Inc. and Elof Hansson K.K.

(Pls.' Oct. 10, 1997 Mot. at 2.)

Rule 23(a) of the Federal Rules of Civil Procedure provides that a class action may be maintained only if

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In order to obtain class certification, Plaintiffs must satisfy what is referred to as the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23. The class must also meet the elements of one of Rule 23(b)'s subsections. Here, defendants challenge Plaintiffs' ability to satisfy Rule 23(a)(1), the numerosity requirement. The court does not address this challenge or the other Rule 23 requirements, because defendants' attack of the class definition is decisive.

Defendants argue that the class definition is improper because it includes as potential class members companies which purchased thermal fax paper in the United States from Japan Pulp & Paper (U.S.A.) Corporation ("JPP USA") and Mitsui & Co. (U.S.A.) ("Mitsui USA"), who are not named defen-

---

1. Mitsubishi Corporation, Mitsubishi International Corporation, and Mitsubishi Paper Mills Ltd., have not filed a response to the motion for class certification. Those defendants have entered

into a settlement agreement, subject to a pending motion for preliminary approval, which motion will be decided at a later date. *See* Sept. 24, 1997 Order at 3–4, ¶ 8.

dants, in contradiction to *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977). In *Illinois Brick*, the Supreme Court held that indirect purchasers could not sue manufacturers under a pass-on theory for overcharges allegedly made by the manufacturers to direct purchasers in violation of the antitrust laws.

JPP USA and Mitsui USA are defendant Nippon Paper Industries, Co., Ltd.'s ("Nippon") trading houses in the United States. JPP USA and Mitsui USA would negotiate prices with their United States customers.

(Oct. 22, 1997 Fuji Decl. ¶ 4.) Based upon those negotiations, JPP USA and Mitsui USA would negotiate with, and purchase thermal fax paper from, Japan Pulp & Paper Co., Ltd. ("JPP Japan"), and Mitsui & Co., Ltd. ("Mitsui Japan"), respectively (*id.* at ¶¶ 4, 6); none of these companies is named as a defendant in this action. JPP Japan had purchased thermal fax paper from Jujo Paper Co., Ltd. (now Nippon),[2] and sold some of that paper to Mitsui Japan. (*Id.* at ¶¶ 2, 3.) The following chart illustrates the line of distribution.

Plaintiffs assert that *Illinois Brick* is inapplicable because no entity above the class members in the chain of distribution paid a conspiratorially-set price, so that no overcharge was passed on to the class members. Plaintiffs also argue that even if there was a pass-on, two exceptions to *Illinois Brick* apply: (1) the control exception (based on allegations that defendants directed their co-conspirator trading houses to implement price increases); and (2) the co-conspirator exception (based on allegations that the trading houses were co-conspirators with defendants).[3]

The Seventh Circuit recently discussed *Illinois Brick* in *In re Brand Name Prescription Drugs*, 123 F.3d 599 (7th Cir.1997), *reh'g and suggestion for reh'g en banc denied* (Oct. 8, 1997), *petition for cert. filed*, 66 U.S.L.W. 3355 (U.S. Nov. 5, 1997) (No. 97–775). *Illinois Brick*, *In re Brand Name Prescription Drugs*, and related cases lead to the conclusion that given the above-described relationship between (1) the potential class members, (2) defendants, and (3) JPP USA and Mitsui USA, the proposed class definition is improper.

---

**2.** In 1993, Jujo merged with another Japanese company to form Nippon.

**3.** Plaintiffs make this argument only in their supporting brief, and not in their reply brief.

There is no suggestion of a relationship between defendants and JPP USA and Mitsui USA of the type recognized in the case law to support the conclusion that the control exception applies to the present circumstances. With respect to the co-conspirator exception, other circuits have held that the exception does not apply when the alleged co-conspirators are not named defendants. (*See* Defs.' Oct. 30, 1997 Br. at 14 for citations.) *In re Brand Name Prescription Drugs* suggests that the Seventh Circuit would only recognize the control, and not the co-conspirator, exception to the *Illinois Brick* rule. *In re Brand Name Prescription Drugs,* 123 F.3d at 605.

The court concludes that the motion for certification should not be granted because the proposed class definition improperly includes potential class members who made purchases from entities who are not defendants in this action and who did not have direct purchasing relationships with named defendants.

### CONCLUSION

Plaintiffs Paper Systems Incorporated, Graphic Controls Corp., and Victor Paper Roll Products, Inc.'s motion for class certification is **DENIED.**

